HERMAN FRANCK (S.B. #123476)
1801 7TH Street, Suite 150
Sacramento, California 95814
Tel. 916-447-8400

Attorney for Plaintiff
Dale Bretches

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE BRETCHES, | ) |
| | ) |
| | )     Case No.  C06-05277 JSW |
|          Plaintiffs, | ) |
| | )     COMPLAINT FOR VIOLATION |
|     vs. | )     OF THE FEDERAL CIVIL RIGHTS |
| | )     ACT |
| RICHARD KIRKLAND, | ) |
| | )     [42 USC Sec. 1983] |
|          Defendant. | ) |
| | ) |

Plaintiff DALE BRETCHES alleges and states as follows:

## I.
## INTRODUCTION

1.      This is an action by DALE BRETCHES, a prisoner housed at Pelican Bay State Prison, against the Warden of the prison, Mr. RICHARD KIRKLAND, for violation of the Federal Civil Rights Act. The Warden has illegally trampled upon Mr. Bretches' rights guaranteed under the First Amendment Freedom of Speech, to write, publish and distribute a book, entitled, "Dog O'War."  The book was published through iUniverse, a print-on-demand publisher located in Lincoln, Nebraska. The Warden declared the book to be contraband, banned it from the prison, and ruled that its publication was illegal and violated various prison rules, including a prison rule that disallows inmates from engaging themselves in any kind of business opportunity.

2.      This action seeks to enjoin the Warden's unfortunate attempt to muzzle and silence the author of Dog O'War. The action further seeks monetary damages in an amount according to proof.

3.      Plaintiff has completed and exhausted all available internal administrative proceedings, including an initial 602 Administrative Appeal, a Second Level 602 Administrative Appeal, and a Final Level 602 Administrative Appeal. There are no other available administrative proceedings to embark upon.  Each of those administrative appeals was denied by the institution.

## II.
## JURISDICTION AND VENUE

4.      The U.S. District Court has jurisdiction over this 42 U.S.C. Section 1983 action alleging violations of Plaintiffs' federal constitutional rights under 28 U.S.C. Sections 1331 and 1343. The Court has supplemental jurisdiction over their state law claims under 28 U.S.C. Section 1367.

5.      Venue is proper under 28 U.S.C. 1391(b)(2) because a substantial portion of the events giving rise to the claims alleged in this Complaint arose within the Northern District of California in the County of Del Norte.

## III.
## PARTIES

6.      Plaintiff Dale Bretches is an individual, and is a time serving inmate housed at Pelican Bay State Prison, Del Norte County, California.

7.      Defendant Richard Kirkland is an individual sued herein for money damages in his individual and personal capacity, and sued for injunctive relief in his official capacity pursuant to Ex Parte Young Doctrine.

**IV.**
**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE FEDERAL CIVIL RIGHTS ACT**

8.      The allegations of paragraphs 1-7 are incorporated herein.

9.      Dale Bretches was one of the co-founders of a Presa Canario dog kennel which he called Dog O'War. The kennel was operated off prison grounds at a ranch owned by a non prisoner.

10.      The dog kennel became infamous and the subject of worldwide press attention when two of the dogs, Bane and Hera, tragically and fatally mauled Diane Whipple, in San Francisco, California. The dogs were in the care and custody of San Francisco attorneys Robert Noel and Marjorie Knoller at the time of the attack.  As is well known by anyone who reads the paper, there was a resulting criminal proceeding in which the former attorneys were convicted of voluntary manslaughter.

11.      The press reports concerning the dog mauling had a series of many, many lies. Many of these lies were supplied to the press by members of the California Department of Corrections, who have a tendency to compromise the truth when it comes to matters of prison operations and relations between the prison and inmates.

12.      For example, the prison system provided information that the Dog O'War Kennel was an Aryan Brotherhood project, and was raising vicious fighting dogs for the purpose of being sold to members of the Mexican Mafia, who in turn were going to use the dogs to guard methamphetamine labs. This statement was wholesale fantasy, and constitutes some of the public frauds committed by the prison.

13.     Dale Bretches became so disgusted by all the lies being told, that he decided to write a book to set the record straight. The book is entitled, "Dog O'War," by Dale Bretches, and was published in 2005 by iUniverse, of Lincoln, Nebraska.

14.     iUniverse is in the business of providing a publishing portal for authors that are interested in self publishing in an extremely economical manner. For example, it costs approximately $600 to have a manuscript turned into an actual book by iUniverse. iUniverse is able to do this because they don't print any inventory of the book. Instead, the books are offered through Ingraham Book Distributors to the general public via placement at major bookselling websites, such as Amazon.com, BarnesandNoble.com. Booksamillion.com, and other major book retailers.  Books are not placed in hard copy at these stores, and are generally only available through web-based purchases.

15.     When the Warden, Defendant Kirkland, got a hold of two of these books, he reacted in a manner that completely obliterated and ignored the First Amendment to the United States Constitution.

16.     Without any concern, and with deliberate indifference and conscious disregard to Mr. Bretches' First Amendment rights to publish a book even, dare we say, critical of the prison, the Warden summarily banned it from the prison, deeming it "contraband," "illegal," "violative of various prison rules," and initiated a CDC 115 Rules violation proceeding.

17.     A collection of documents showing the banning, the 115 Prison Rules Violation proceeding, and a series of 602 Administrative Appeals, are collectively attached to this Complaint as Exhibit A.

18.    As can be seen by review of Exhibit A, the Warden first took issue with a number of phrases in the book that were deemed to be unduly insulting or negative to prison staff, and to members of the homosexual community. He also deemed that the book was untruthful in many regards.

19.    Such conduct in banning the book constitutes impermissible content regulation.

20.    It also constitutes an unfortunate act of retaliation by the Warden, who is upset with the content of the book.

21.    Imagine if the only books that could be published were ones which law enforcement officers deemed truthful. This rule, if allowed to stand in the free world, would empty bookshelves.

22.    The Warden also cited a prison rule that disallows inmates from engaging in any type of business occupation. He placed the writing of a novel, the publication of a novel, as a business occupation that was illegal under prison rules.

23.    As a result, the book was banned, declared illegal, and based upon that, was suspended by Dale Bretches from publication from iUniverse. Suspension was accomplished as a temporary means to keep the status quo, and to not have a continuing set of rules violations, pending judicial review of the Warden's actions. It is Mr. Bretches' intent to obtain an injunction on this matter, and as soon as an injunction is issued, to lift his own self-imposed suspension of the book.

24.    Warden Kirkland's conduct in banning the book and declaring the book illegal in initiating a 115 Rules Violation proceeding, in which Bretches was found guilty as charged, all constitutes an incredible affront and violation of the rights of Freedom of

Expression and Speech allowed and mandated under the First Amendment of the United States Constitution.

25.     The conduct of Warden Kirkland constitutes deliberate indifference and conscious disregard of Dale Bretches' rights of Freedom of Expression under the First Amendment.

26.     Dale Bretches will suffer irreparable harm unless injunctive relief is given. He is without adequate remedies at law. Since the violation concerns the constitutional rights guaranteed under the First Amendment, irreparable harm is presumed.

Dale Bretches requests all available equitable relief, mainly in the form of an injunction barring any further banning of the book; barring the Warden's declaration that the book constitutes "contraband;" and requiring the Warden to set aside the conviction for a Rule 115 Proceeding, and to instead declare that the conviction as being illegal, retaliatory, and to be set aside.

27.     This request for injunctive relief is against the Warden Kirkland in his official capacity pursuant to the Ex Parte Young, 209 U.S. 123, 158 (1908).

28.     Dale Bretches further requests declaratory relief in the form of an order stating:

        a)      That prisoners, including Dale Bretches, have a rather obvious right to write and publish books, even books that may hurt the feelings of the Warden, Richard Kirkland;

        b)      That the conduct of the Warden, Richard Kirkland, as alleged above constitutes a violation of the Federal Civil Rights Act, 42 USC Sec. 1983, and violates Bretches' rights under the First Amendment Freedom of Speech;

COMPLAINT FOR VIOLATION OF THE
FEDERAL CIVIL RIGHTS ACT  - 7

c)    That the various prison rules cited by the Warden in banning the book Dog O'War constitutes impermissible content regulation.

d)    That the conduct of the Warden, Richard Kirkland, in banning the book Dog O'War constitutes a retaliation against plaintiff based on the content of the book.

e)    Such other declaratory relief as the court deems just and appropriate.

29.    Defendant Kirkland's conduct as alleged above proximately caused Dale Bretches damages in an amount according to proof, but in excess of $100,000.00. These damages, and any other damage remedies, are sought against the Warden in his individual and personal capacity only.

30.    Warden Kirkland's conduct was intentional, wanton, oppressive, and showed an incredible disregard of Plaintiff's rights arising under the First Amendment to the United States Constitution, and warrants the imposition of exemplary damages.

31.    Dale Bretches has retained the services of an attorney, and seeks attorney's fees according to proof, pursuant to 42 USC Sec. 1988.

WHEREFORE, Plaintiff prays for relief as follows:

1.    For judgment in his favor as to the First Cause of Action for violation of the Federal Civil Rights Act, 42 USC Sec. 1983;

2.    For compensatory damages in an amount according to proof, and against Defendant Kirkland in his individual and personal capacity, in excess of $100,000.00;

3.    For injunctive relief as requested above, and against Warden Kirkland in his official capacity;

4.      For declaratory relief as requested above;

5.      For attorney's fees according to proof, pursuant to 42 USC Sec. 1988;

6.      For exemplary damages against Warden Kirkland in his individual and

personal capacity, and in an amount according to proof; and

7.      For such other further legal and equitable relief as the court deems just and

appropriate.


Respectfully submitted,


_____/s/Herman Franck_____          Dated: September 1, 2006

Herman Franck, Esq.
Attorney for Plaintiff DALE BRETCHES

DEMAND FOR JURY TRIAL

Plaintiff Dale Bretches herewith submits this Request and Demand for Trial by Jury.

Respectfully submitted,

_____/s/Herman Franck_____          Dated: September 1, 2006

Herman Franck, Esq.
Attorney for Plaintiff DALE BRETCHES