

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 02 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DALE BRETCHES, | No. 07-16022 |
| Plaintiff - Appellant, | D.C. No. CV-06-05277-JSW |
| v. | |
| RICHARD KIRKLAND; R. A. HOREL, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted December 12, 2008
San Francisco, California

Before: B. FLETCHER and McKEOWN, Circuit Judges, and HART,[**] District
Judge.

Dale Bretches appeals from the district court's dismissal of his 42 U.S.C.

§ 1983 suit alleging that prison officials violated his rights under the First

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable William T. Hart, District Judge for the Northern
District of Illinois, sitting by designation.

1

Amendment to the United States Constitution. We review de novo a district

court's dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a

claim upon which relief can be granted, <u>Weilburg v. Shapiro</u>, 488 F.3d 1202, 1205

(9th Cir. 2007), and we affirm in part, reverse in part, vacate in part, and remand.

Bretches first argues that book publishing does not constitute a business

activity under Cal. Code. Regs. tit. 15, § 3024. That argument fails under the plain

language of the regulation. The contract between Bretches and iUniverse provides

for royalty payments to be made to Bretches should anyone order his book.

Royalty payments qualify as a "revenue generating or profit making activity"

under § 3024.

Bretches also contends that the district court erred when it concluded that he

failed to state a claim that prison officials violated his First Amendment right to

free speech when they applied § 3024 to forbid him from publishing his book. We

analyze Bretches's claim under the standard set forth in <u>Turner v. Safley</u>, 482 U.S.

78 (1987). In <u>Turner</u>, the Supreme Court held that "when a prison regulation

impinges on inmates' constitutional rights, the regulation is valid if it is reasonably

related to legitimate penalogical interests." <u>Id.</u> at 89. The Court identified four

factors "relevant in determining the reasonableness of the regulation at issue." <u>Id.</u>

The first factor is determinative at this stage: "there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it;" "the governmental objective must be a legitimate and neutral one;" and where the First Amendment is concerned, it is important "to inquire whether prison regulations . . . operated in a neutral fashion, without regard to the content of the expression." Id. at 89-90.  To be "neutral" within the meaning contemplated by Turner, "the regulation or practice in question must further an important or substantial government interest unrelated to the suppression of expression." Thornburgh v. Abbott, 490 U.S. 401, 415 (1989) (internal quotation omitted).  See also Mauro v. Arpaio, 188 F.3d 1054, 1059 (9th Cir. 1999) (en banc) (discussing the Turner neutrality inquiry).

Drawing all reasonable inferences in Bretches's favor, Bretches's complaint and its supporting documents demonstrate that the prison officials' decision to ban Bretches from publishing his book was intermingled with their determination that the content of his work was unsuitable.  At this early stage in the litigation, without supporting evidence, we cannot conclude that the decision barring Bretches from publishing his book furthers an important or substantial interest unrelated to the suppression of Bretches's expression.  Because Bretches has sufficiently alleged that prison officials did not apply § 3024 "without regard to the content of the

3

expression," we need not proceed to the remaining steps of the <u>Turner</u> inquiry.

While we make no judgment as to whether Bretches will ultimately prevail, the

district court erred when it dismissed Bretches's complaint pursuant to 28 U.S.C.

§ 1915A. We note that Bretches did not appeal or brief his disciplinary action and

thus we do not address it here.

Bretches not only objected to prison officials' decision to forbid him from

publishing his work, he has consistently argued that prison officials wrongly

banned his book from the prison as contraband and forbid him from editing his

book such that the contraband label could be removed. The district court did not

address this claim, and we decline to do so here. On remand, the district court

should consider whether Bretches has stated a claim on this issue. <u>See</u> <u>Prescod v.</u>

<u>AMR, Inc.</u>, 383 F.3d 861, 870 (9th Cir. 2004) (determining that the district court

failed to address argument raised by defendant, we remanded to the district court

for further proceedings on the issue).

Bretches argued for the first time on appeal that the prohibition against

publishing a manuscript under § 3024 violates his substantive due process rights.

"Generally, we do not consider issues raised for the first time on appeal." <u>Scott v.</u>

<u>Ross</u>, 140 F.3d 1275, 1283 (9th Cir. 1998). We decline to do so here. On remand,

4

it is within the district court's discretion whether Bretches should be permitted to amend his complaint to include this cause of action.

Likewise, we decline to consider Kirkland's assertion, made for the first time in briefing before our court, that he is entitled to qualified immunity. "Because this action terminated at such an early stage in the proceedings," we "leave it to the district court in the first instance to resolve [this] matter[] . . . ." Weilburg, 488 F.3d at 1207 n.5. However, the official capacity claim against Kirkland should be dismissed because he is no longer the warden. The individual capacity claim against Horel should be dismissed because the administrative actions taken are specifically alleged, and Horel did not personally participate in any of them. See Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001).

Finally, Bretches asserts that the district court wrongly denied as moot his motion for a preliminary injunction when it dismissed his First Amended Complaint. Because we reverse the district court's dismissal of Bretches's suit with respect to the First Amendment claim, we vacate the district court's denial of Bretches's motion.

AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, and REMANDED.

Each party to bear its own costs on appeal.