IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DALE BRETCHES,

    Plaintiff,

    v.

RICHARD KIRKLAND,

    Defendant.

No. C 06-05277 JSW

**ORDER OF SCREENING OF SECOND AMENDED COMPLAINT**

    The Court has received Defendant's request to screen the Second Amended Complaint pursuant to 28 U.S.C. § 1915A. Federal courts shall engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. On review, courts shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted [or] seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The standards of Section 1915A apply even if the prisoner is not proceeding *in forma pauperis*. *See Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (joining the Second, Fifth, Sixth and Tenth Circuits in holding that Section 1915A applies even when a prisoner pays full fee at outset).

    Failure to state a claim is a grounds for dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Terracom v. Valley National Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (citation omitted). Dismissal for failure to state a claim is a ruling on a question of law. *Parks*

*School of Business, Inc. v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Review is limited to the contents of the complaint, including documents physically attached to the complaint or documents that the complaint necessarily relies upon and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the Court may take judicial notice of facts that are not subject to reasonable dispute. *Id.*; *see also* Fed. R. Evid. 201(b). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Symington*, 51 F.3d at 1484.

Imprisonment does not automatically deprive a prisoner of certain important constitutional protections, including those of the First Amendment. *Beard v. Banks*, 126 S. Ct. 2572, 2577 (2006) (citing *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987)). But at the same time the Constitution sometimes permits greater restriction of such rights in a prison than it would allow elsewhere. *Beard*, 126 S. Ct. at 2577-78. Courts owe "substantial deference to the professional judgment of prison administrators." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). The Supreme Court reconciled these principles by holding that a prison regulation which restricts a prisoner's First Amendment right to free speech is valid only if it is reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987). There are four factors that the Court must consider to determine whether a prison regulation is constitutional: (1) whether the regulation is rationally related to a legitimate and neutral governmental objective; (2) whether there are alternative means of exercising the right that remain open to the inmate; (3) what impact an accommodation of the asserted right will have on guards and other inmates; and (4) whether there are obvious alternatives to the regulation that show it is an exaggerated response to prison conditions. *Id.* at 89-91. The *Turner* analysis applies equally to facial and "as applied" challenges. *Bahrampour v. Lampert*, 356 F.3d 969, 975 (9th Cir. 2004); *see also Hargis v. Foster*, 312 F.3d 404, 410 (9th Cir. 2002).

In this matter, the Second Amended Complaint alleges two claims for violation of the Civil Rights Act, 42 U.S.C. § 1983. The first is a cause of action for violation of Plaintiff's

First Amendment rights. The second cause of action alleges the violation of Plaintiff's substantive due process rights under the Fifth and Fourteenth Amendments. According to the complaint, Dale Bretches, a prisoner at Pelican Bay State Prison, published a book entitled "Dog O' War" which was banned from the prison. According to the complaint, the prison banned the book because it allegedly violated various sections of the California Code of Regulations ("CCR"). First, the prison banned the book stating its publication was in violation of CCR, Title 15, § 3024(a) which prohibits business dealings by inmates. (Complaint Attachment, Ex. A at 0014.) Second, the prison banned the book on the basis that portions of the text were inflammatory in violation of CCR, Title 15, § 3004 subsection (b) which prohibits the open display of disrespect or contempt for others in a manner intended to or reasonably likely to disrupt orderly prison operations or provoke violence and subsection (c) which prohibits discrimination on various bases. (*Id.*, Ex. A at 0014-15.)

Although the regulations at issue appear to be neutral and rationally related to a legitimate penological interest, Plaintiff makes only an "as applied" challenge to the prison's decision to ban his book. The record before this Court indicates that Plaintiff has alleged that he is not engaged in business dealings because the publishing company has retained all the profits from sales of the disputed book. Second, the record also indicates that Plaintiff has offered to excise any portion of the book that violates the cited regulation sections on the basis that the text is inflammatory or promotes unlawful discrimination. (Complaint Attachment, Ex. A at 0001-6.)

Based on the limited record before this Court, the Court cannot find that it appears beyond a doubt that Plaintiff can prove no set of facts in support of his challenges which would entitle him to relief. *See Terracom*, 49 F.3d at 558. Therefore, at the preliminary screening stage, the Court declines to dismiss the as applied challenge. *See, e.g., Lindell v. Frank*, 377 F.3d 655, 658 (7th Cir. 2004) (reversing district court decision to dismiss First Amendment challenge at § 1915A screening stage as premature where justification for the removal of printed matter was not fully developed); *see also McCabe v. Arave*, 827 F.2d 634, 638 (9th Cir. 1987) (holding that while some content regulation is permissible in the prison context, the Court

1 reversed judgment against prisoner where court failed to weigh whether the disputed literature
2 actually advocated violence or illegal activity).

3     Because the Court cannot find at this procedural juncture that Plaintiff can prove no set
4 of facts in support of his claims which would entitle him to relief, the Court declines to dismiss
5 the Second Amended Complaint. Defendants have until September 10, 2010 to file a
6 responsive pleading.

**IT IS SO ORDERED.**

Dated: August 12, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE