IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE BRETCHES,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD KIRKLAND,<br><br>    Defendant.<br>_____/ | No. C 06-05277 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 22, 2011 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.


The parties shall each have 20 minutes to address the following questions:

1. In its order reversing dismissal, the Ninth Circuit, based on substantially the same evidence now before this Court, found that "Bretches's complaint and its supporting documents demonstrate that the prison officials' decision to ban Bretches from publishing his book was intermingled with their determination that the content of his work was unsuitable." 335 Fed. Appx. 675, 677 (9th Cir. 2009). On what basis may this Court, based on the same administrative record, find that the prison's ban was not intermingled with content determination?

2. Is it possible, drawing all inferences in Bretches's favor, for a reasonable jury to conclude that the ban based on operating an unauthorized business was merely pretext for unlawful content-based suppression of expression? Even if there were valid reasons for the ban, could a jury find, based on the record, that the book was actually banned because of its content? How is the Hawkes memorandum dated June 21, 2005, which explicitly addresses the veracity of Bretches's account, not an unlawful content-based determination where the disputed content poses no threat to the stated legitimate penological interest? *See McCabe v. Arave*, 827 F.2d 634, 638 (9th Cir. 1987) (holding that while some content regulation is permissible in the prison context, the court must weigh whether the disputed literature actually advocated violence or illegal activity).

3. Beside the David Chance matter in which the banning of an Aryan Brother member's joke book was clearly not based on content, are there any other Pelican Bay State Prison decisions banning publication that were disclosed during discovery? What was the scope and content of discovery conducted in this matter?

4. Defendants move to dismiss Bretches's substantive due process claim under the Fifth and Fourteenth Amendments. On what basis does Bretches contend that the prison officials' conduct shocked the conscience or deprived him of life, liberty or a protected property interest? What facts in the record and legal authority support Bretches's contention that he has a protected property interest in earning money from his publication while in prison (*see* Second Amended Complaint at ¶ 46)?

5. Bretches has not formally requested a hearing before prison officials regarding whether he can publish or profit from the proposed revised edition of his book. Is the second edition only at issue in this matter insofar as it provides a possible alternative means of exercising his right to free speech? *See Turner v. Safley*, 482 U.S. 78, 89-90 (1987). Does the unexhausted request to publish the second edition in briefing of this matter moot out the pending review of the first edition?

6. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: April 18, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2